[848 NYS2d 357]

In the Matter of RICHARD L. GLACHMAN (Admitted as RICHARD LOUIS GLACHMAN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 26, 2007

### APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Stacey J. Sharpelletti* of counsel), for petitioner.

*Richard L. Glachman*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

By order of the Supreme Court of Florida dated January 27,

2005, the respondent was disbarred, effective immediately. The order directed that restitution be made to Fred Weinstein in the amount of $24,500 and to Jay Hyman in the amount of $17,900, and further provided that the Florida Bar had judgment against the respondent for the recovery of costs in the amount of $2,265.50.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a notice pursuant to 22 NYCRR 691.3 informing him of his right to raise any of the defenses to the imposition of reciprocal discipline as enumerated in 22 NYCRR 691.3 (c). The Grievance Committee also apprised the respondent of his right to demand a hearing at which consideration would be given to any defense enumerated.

The respondent served an answer, but did not demand a hearing.

On August 11, 2004, the Florida Bar filed a complaint against the respondent. The matter was referred to Thomas Michael Lynch as Referee. The respondent failed to answer the complaint and a default was entered against him.

As disclosed in the Referee's report dated October 27, 2004, which was forwarded to the Florida Supreme Court, the respondent represented Inez Nastasi in a real estate transaction in April 2003 where Nastasi was the purchaser. Ms. Nastasi delivered two checks to the respondent in the amounts of $21,500 and $3,000. The respondent deposited the checks into two different trust accounts and then withdrew the money for his personal use. The respondent failed to appear at Ms. Nastasi's closing and he did not return the $24,500 she deposited with him for the transaction. Fred Weinstein, the closing attorney, personally funded the transaction.

As disclosed in the Referee's report, on December 1, 2003, Jay Hyman gave the respondent a check in the amount of $67,900 which was to be used to fund a loan to a third party, Lee Vogel. The respondent did not place the funds into his trust account, but instead deposited the check for $67,900 into his personal account. The respondent spent approximately $7,000 of Hyman's funds for his personal use. The loan failed to close. Mr. Hyman demanded the return of his funds. On December 5, 2003, the respondent gave Mr. Hyman a check from his personal account in the amount of $50,000. The respondent did not return the balance owed and Mr. Hyman sued the respondent. Mr. Hyman was awarded a default judgment against the respondent in the amount of $17,900.

As further disclosed in the Referee's report, by order dated July 22, 2004, the respondent was suspended by the Supreme Court of Florida for the misappropriation of client funds.

By order dated January 27, 2005, the Supreme Court of Florida disbarred the respondent, effective immediately, based on the uncontested report of the Referee. The order directed that restitution be made to Fred Weinstein in the amount of $24,500 and to Jay Hyman in the amount of $17,900, and that the Florida Bar had judgment against the respondent for the recovery of costs in the amount of $2,265.50.

We find that the defenses raised by the respondent are without merit.

Based on the findings of the Supreme Court of the State of Florida, the petitioner's application for the imposition of reciprocal discipline is granted and, effective immediately, the respondent is disbarred in New York based upon his disbarment by default in Florida.

PRUDENTI, P.J., MILLER, CRANE, RIVERA and DILLON, JJ., concur.

Ordered that the petitioner's application is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Richard L. Glachman, admitted as Richard Louis Glachman, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Richard L. Glachman, admitted as Richard Louis Glachman, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Richard L. Glachman, admitted as Richard Louis Glachman, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, Richard L. Glachman, admitted as Richard Louis Glachman, has been issued a secure pass

by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).